IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05008-PAB

YURAIMA DEL CARMEN PAREDES GUZMAN,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Aurora Contract Detention Facility, et al.,

Respondents.

---

# ORDER

---

This matter comes before the Court on petitioner Yuraima Del Carmen Paredes Guzman's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response. Docket No. 11.

## I. BACKGROUND[1]

Petitioner is a citizen of Venezuela. Docket No. 1 at 8-9, ¶ 30. Petitioner presented herself for inspection at the Hidalgo, Texas port of entry on March 1, 2024 pursuant to an appointment. *Id.* The Department of Homeland Security ("DHS") inspected petitioner and released her into the United States. *Id.* On September 30, 2025, Immigration and Customs Enforcement ("ICE") arrested petitioner and placed her in immigration detention. *Id.* at 9-10, ¶ 35. ICE did not serve petitioner with a warrant. *Id.* Petitioner has remained in custody since her September 30, 2025 arrest. *Id.* at 10,

[1] The following facts are undisputed unless otherwise noted.

¶ 38. She is currently detained at the Denver Contract Detention Facility. *Id.* at 11, ¶ 44.

On October 6, 2026, petitioner filed a petition for writ of habeas corpus. *See generally id.* Petitioner brings multiple claims, including a claim that her re-detention violated her due process rights. *Id.* at 18-30, ¶¶ 64-103. On October 27, 2026, petitioner filed a motion for a ruling on the petition, based in part on the fact that respondents did not file a response to the Court's October 7, 2026 order to show cause why the habeas petition should not be granted. Docket No. 8. On October 30, 2026, petitioner filed a motion for an order enjoining respondents from re-detaining her based on the same facts and circumstances underlying her current detention. Docket No. 9. Petitioner specifies that, although she requested this relief in her habeas petition, she is making such a request in a new motion so that the Court may rule on the portion of her habeas petition that requests her release without delay. *Id.* at 2. Petitioner asserts that respondents do not oppose her release, but oppose an order enjoining petitioner from being re-detained. *Id.*

On November 2, 2026, the Court noted that respondents have not responded to the order to show cause why the habeas petition should not be granted and ordered respondents to file such a response. Docket No. 10. Respondents subsequently filed a response indicating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 11 at 1. Respondents state that, if the Court grants the habeas petition, the appropriate relief would be to order petitioner's release. *Id.*

## II. ANALYSIS

The Court considers petitioner's due process claim. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was previously released. In releasing petitioner, the respondents necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondents do not state why petitioner's release was revoked. *See generally* Docket No. 11. Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of

erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026

WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for the revocation of petitioner's release. Thus, the Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release.[2] *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination" and ordering that respondents may "not impose any additional restrictions" on petitioner) (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger" and ordering that respondents "may not impose any conditions of release or supervision that were not imposed in the original grant of parole") (internal quotation

[2] Because the Court will grant the habeas petition on the basis that respondents violated petitioner's due process rights, it will not consider petitioner's other claims.

and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

Finally, the Court will deny petitioner's motion seeking to enjoin respondents from re-detaining her based on the same facts and circumstances underlying her current detention. "Injunction is a drastic remedy to be exercised with caution, and should be granted only in cases where the necessity therefore is clearly established." *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964). Here, petitioner asserts that an injunction is necessary because the Tenth Circuit has held that there is a demonstrated pattern that the government re-detains noncitizens who have been granted habeas relief. Docket No. 9 at 5 (citing *Abedi v. Carter*, 2026 WL 3149141, at *9 (10th Cir. Oct. 21, 2026) (unpublished). However, the Tenth Circuit case was specifically referring to cases where noncitizens with final orders of removal were re-detained after having been granted habeas relief based on a finding that the noncitizens were unlikely to be removed in the reasonably foreseeable future. *Abedi*, 2026 WL 3149141, at *9. Such a situation is not applicable to petitioner, who does not have a final order of removal and

is being released due to a finding that respondents' revocation of her release violates her due process rights. Petitioner identifies no instances where a similarly situated noncitizen was improperly re-detained after a court ordered his or her release. Therefore, petitioner has not established the necessity of injunctive relief. Finally, because the Court will grant the habeas petition and order petitioner's release, it will deny the motion for a ruling on the petition and for an order releasing petitioner as moot.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Yuraima Del Carmen Paredes Guzman's Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED in part**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order pursuant to the conditions of petitioner's initial release. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody. It is further

**ORDERED** that Petitioner's Unopposed Motion for Ruling on Petition and Order of Release [Docket No. 8] is **DENIED as moot**. It is further

**ORDERED** that Petitioner's Opposed Motion for Order Restricting Re-Detention Upon Release [Docket No. 9] is **DENIED**.

DATED November 2, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge